IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

TALENTSCALE, INC.,

    Petitioner,

    v.

AERY AVIATION, LLC,

    Respondent.

Case No. 4:24-cv-33

**OPINION & ORDER**

Before the Court are the Motion to Confirm Arbitration Award and Motion for Default Judgment filed by Petitioner Talentscale, Inc. ("Talentscale"). ECF Nos. 1, 12. The Court has considered the arguments in Talentscale's briefing and concluded there is no need to hold a hearing on the motions. *See* Fed. R. Civ. P. 78(b); E.D. Va. Civ. R. 7(J). For the reasons stated herein, the Motion to Confirm Arbitration Award is **GRANTED**, and the Motion for Default Judgment is **DENIED AS MOOT**.

**I.    BACKGROUND**

Talentscale and Respondent Aery Aviation, LLC ("Aery") entered into a contract for services on January 7, 2021. ECF No. 1. Aery agreed to pay the invoices that Talentscale sent, within 30 days of receipt, but they failed to pay one invoice in the amount of $760,319.20. *Id*. Pursuant to an arbitration clause in the parties' agreement, Talentscale initiated an arbitration action.

On February 20, 2024, the arbitrator issued a Final Award. ECF No. 1-1. The decision grants relief to Talentscale in the amount of $1,142,467.20, consisting of

$760,319.20 in principal damages, $367,358.00 in finance charges, and $14,790.00 in reimbursed costs. *Id.* at 10–11. On March 8, 2024, Talentscale filed the instant action, seeking confirmation of the arbitration award. ECF No. 1.

Aery did not respond to the Petition to Confirm Arbitration Award, and on April 10, 2024, Talentscale moved for entry of default. ECF No. 10. The Clerk entered a default on April 12, 2024. ECF No. 11. Talentscale moved for default judgment on April 15, 2024. ECF No. 12.[1]

## II. LEGAL STANDARD

Federal courts favor arbitration awards and agreements. *Arrowhead Glob. Sols., Inc. v. Datapath, Inc.*, 166 F. App'x 39, 43 (4th Cir. Feb. 3, 2006) (unpublished per curiam opinion). Thus, "[j]udicial review of an arbitration award in federal court is severely circumscribed." *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998)).

Section 9 of the Federal Arbitration Act ("FAA") authorizes parties to an arbitration to apply for an order confirming an arbitral award within one year of the award's entry if the parties "in their agreement have agreed that a judgment of the

---

[1] Since filing its Motion for Default Judgment, Talentscale filed three status reports (ECF Nos. 13–15), counsel placed multiple calls to the Clerk's Office and to chambers, and a non-lawyer representative of the company also called the Clerk's Office—all apparently in an effort to pressure this Court to rule on the motions on Talentscale's preferred timeline. Such conduct demonstrates a lack of respect for the Court and its staff and a misunderstanding of how things work here. Neither counsel nor Talentscale's representatives should understand the outcome of the Court's decision on their motion to countenance their behavior.

court shall be entered upon the award." 9 U.S.C. § 9. A party moving to confirm an arbitration award must attach a copy of the parties' agreement, the arbitration award sought to be confirmed, and the records of any earlier application to confirm, modify, or correct the award. *Id.* § 13.

"[U]nless the award is vacated, modified, or corrected," the Court "must grant" confirmation. 9 U.S.C. § 9; *see Hall St. Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). The Court's function here is to confirm the award unless "[it] evidences a manifest disregard of the law." *Patten v. Signator Ins. Agency*, Inc., 441 F.3d 230, 234 (4th Cir.2006) (citing *Apex Plumbing*, 142 F.3d at 193 n. 5).

### III. ANALYSIS

Talentscale is entitled to confirmation of the arbitration award. The parties agreed in their contract that "judgment upon any [arbitration] award may be entered in any court having jurisdiction." ECF No. 1-1 at 21 ¶ 30; *see* 9 U.S.C. § 9. Talentscale's Petition was filed within one year of the award. *Compare* ECF No. 1-1 at 12 *with* ECF No. 1; *see* 9 U.S.C. § 9. Aery does not seek for the award to be "vacated, modified, or corrected;" and the Court's review of the arbitrator's decision reveals no "manifest disregard of the law." 9 U.S.C. § 9; *Patten*, 441 F.3d at 234; *see* Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied."). Therefore, the Court "must grant" confirmation. 9 U.S.C. § 9; *Hall St. Assoc.*, 552 U.S. at 587.[2]

---

[2] Because the Court must grant Talentscale's petition in the first instance, it need not consider the Motion for Default Judgment (ECF No. 12).

## IV. CONCLUSION

Petitioner Talentscale Inc.'s. Motion to Confirm Arbitration Award (ECF No. 1) is **GRANTED.** The Clerk is **DIRECTED** to enter judgment against Respondent Aery Aviation, LLC in the amount of $1,142,467.20.

Talentscale's Motion for Default Judgment (ECF No. 12) is **DENIED AS MOOT.**[3]

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Jamar K. Walker
Jamar K. Walker
United States District Judge

Newport News, Virginia
October 9, 2024

---

[3] Talentscale seeks an award of post-judgment interest in the Motion for Default Judgment. ECF No. 12. The Court need not rule on the request, because Talentscale is entitled to post-judgment interest under statute. The post-judgement interest is to be calculated in accordance with 28 U.S.C. § 1961.