**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

| | | |
|---|---|---|
| TALENTSCALE, INC. | ) | |
| | ) | |
| Judgment Creditor, | ) | |
| | ) | Case No. 4:24-cv-33 |
| v. | ) | |
| | ) | |
| AERY AVIATION, LLC | ) | |
| | ) | |
| Judgment Debtor | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF AERY'S MOTION TO QUASH GARNISHMENT SUMMONS

COMES NOW the Judgment Debtor, Aery Aviation, LLC ("Aery"), by counsel, and for its Memorandum in Support of Aery's Motion to Quash the Garnishment Summons of Cogent Bank ("Cogent") filed by Judgment Creditor, Talentscale, Inc. ("Talentscale") states as follows:

### INTRODUCTION

On or about November 27, 2024, Talentscale filed a letter with this Court requesting a Writ of Execution against Aery, and accompanied by Suggestions for Summons in Garnishment, and Garnishment Summonses against Bank of America, Cogent, Hanmi Bank, and Southwind Capital, LLC. (ECF No. 18). Although, Talentscale provides Virginia service addresses for Bank of America, Hanmi Bank, and Southwind Capital, Talentscale only provides a Florida address for Cogent. Pursuant to Federal Rule of Civil Procedure 69 and Virginia Code § 8.01-511 *et seq.* this Court must have personal jurisdiction over a garnishee to enforce a garnishment summons. Talentscale has failed to provide any basis on which this Court could conclude it has personal jurisdiction over Cogent and, therefore, this Court should grant Aery's Motion to Quash the Garnishment Summons against Cogent.

1

**LEGAL STANDARD**

Federal Rule of Civil Procedure 69 states in relevant part that the procedure on the execution of a money judgment and in proceedings supplementary to and in aid of the execution, must be in accordance with the laws of the state in which the court is located. Accordingly, Virginia law on garnishments applies here. This is further confirmed by this Court's citation to Va. Code § 8.01-511 *et seq.* as the controlling statute in its forms for Suggestion for Summons in Garnishment.[1]

"Garnishment is a proceeding which exists only by virtue of a statutory enactment." *Lynch v. Johnson*, 196 Va. 516, 520 (1954). Further, "[i]n Virginia, garnishment is regarded, not as a process of execution to enforce a judgment, but as an independent suit by the judgment-debtor in the name of the judgment-creditor against the garnishee." *Butler v. Butler*, 219 Va. 164, 165 (1978). Moreover, the Virginia garnishment statute plainly contemplates only an *in personam* action against the garnishee. *Id*. at 166. Finally, in Virginia courts the proper procedural mechanism for the judgment debtor to challenge the validity of a garnishment summons is a Motion to Quash. *See Butler*, 219 Va. at 165.

**ARGUMENT**

Given that Virginia views a garnishment summons as an *in personam* action against the garnishee, this Court must have personal jurisdiction over the garnishee to enforce a garnishment summons. However, Talentscale has provided this Court with no basis on which it could conclude it has personal jurisdiction over Cogent. As a result, this Court does not have jurisdiction to enforce the Garnishment Summons against Cogent.

---

[1] The U.S. Marshals Service also cites to FRCP 69 and states that the U.S. Marshals Service will enforce a Writ of Garnishment in accordance with the applicable state law of the state in which the district court is located. https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/writ-of-garnishment

Whether the Court has personal jurisdiction over Cogent requires a determination that Cogent falls both within Virginia's long-arm statute, Va. Code § 8.01-328.1, and that the exercise of personal jurisdiction will not violate the Due Process Clause of the Fourteenth Amendment. *Reynolds Metals Co. v. FMALI, Inc.*, 862 F. Supp. 1496, 1498 (4th Cir. 1994).  However, "[b]ecause Virginia's long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause, 'the statutory inquiry necessarily merges with the constitutional inquiry and the two inquiries essentially become one.'"  *Young v. New Haven Advocate*, 315 F. 3d 256, 261 (4th Cir. 2002).  The only question then, is whether Cogent has sufficient "minimum contacts with the [Commonwealth of Virginia] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Id.*

However, it appears that Cogent has no contacts with Virginia at all.  First, both the Suggestion for Summons in Garnishment (the "Suggestion") and the Garnishment Summons (the "Summons") filed by Talentscale list the address for Cogent Bank as 420 S. Orange Avenue, Suite 150, Orlando, FL 32801. (*See* ECF No. 18-5 & -6).  There is no Virginia address for Cogent listed anywhere in Talentscale's filing.  Further, Cogent's website only lists locations in Florida.  *See* https://cogentbank.com/contact-us/

Second, not only does Cogent not have any offices or locations in Virginia, Talentscale has not established that Cogent has any other contacts with Virginia.  On the contrary, Cogent is not even registered with the Virginia State Corporation Commission as an entity authorized to conduct business in the Commonwealth.

In sum, Talentscale has failed to establish that Cogent Bank has sufficient minimum contacts with Virginia such that it would be appropriate for this Court to exercise personal

jurisdiction over the bank. Without having personal jurisdiction over Cogent, this Court cannot enforce a garnishment summons against the bank.

Finally, even if this Court had personal jurisdiction over Cogent, and Aery maintains that it does not, the Suggestion and Summons are invalid pursuant to Local Rule 83.1. Local Rule 83.1(E)(3) states that although an attorney admitted to practice in the U.S. District Court of another state may be admitted *pro hac vice* to practice in this District,

> no pleading or other filing required to be signed by an attorney shall be filed unless also signed by an attorney who is admitted or authorized to practice in this Court. . . with the office address where notice can be served upon said attorney, and who shall have such authority that the Court can deal with the attorney alone in all matters connected with the case.

The only signature, name, and office address listed on the Suggestion and Summons belong to Kenneth Chase. Mr. Chase is admitted to practice in Florida with an office address listed as 951 Yamato Road, Suite 280, Boca Raton, Florida, and is not a member of the Virginia State Bar admitted to practice before this Court. Talentscale's failure to include the signature and office address of local counsel on the Suggestions and Summons of Cogent, render them invalid under the Local Rule.

Because this Court does not have personal jurisdiction over Cogent and the Suggestion and Summons are invalid under Local Rule 83.1, this Court should grant Aery's Motion to Quash the Garnishment Summons of Cogent Bank.

**Respectfully submitted,**
**Aery Aviation, LLC**


**By**  /s/ *Erin C. McDaniel*
           Of Counsel

Chris D. Davis (VSB No. 74809)

Erin C. McDaniel (VSB No. 94884)
Davis, Burch & Abrams
555 Belaire Ave, Suite 340
Chesapeake, VA 23320
Tel: (757) 410-2293
chris.davis@davisba.com
erin.mcdaniel@davisba.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of December 2024, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Amy Epstein Gluck
Pierson Ferdinand LLP
1101 Pennsylvania Ave, NW
Ste 300
Washington, D.C. 20005
amy.epsteingluck@pierferd.com

Kenneth Chase
Chase Law & Associates, P.A.
1141 71st Street
Miami, FL 33141
kchase@chaselaw.com

　　　　　　　　　　　　　　　　 /s/ *Erin C. McDaniel*_____

5