**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

| | | |
|---|---|---|
| **TALENTSCALE, INC.**, | ) | |
| *Petitioner/Judgment Creditor*, | ) | |
| **v.** | ) | Case No. 4:24-cv-33 |
| **AERY AVIATION, LLC**, | ) | |
| *Respondent/Judgment Debtor*, | ) | |
| and | ) | |
| **COGENT BANK**, | ) | |
| *Garnishee*. | ) | |

## MEMORANDUM IN SUPPORT OF COGENT BANK'S MOTION TO QUASH GARNISHMENT SUMMONS

Garnishee, Cogent Bank, by counsel, states as follows as its Memorandum in Support of its Motion to Quash Garnishment Summons.

## INTRODUCTION

Cogent Bank, a state-chartered bank established, headquartered, and located only in Florida was served in Florida with a Garnishment Summons issued by Petitioner/Judgment Creditor, Talentscale, Inc. ("Talentscale"). Talentscale, however, did not domesticate its judgment in Florida before seeking to collect any debt owed by Cogent Bank to Respondent/Judgment Debtor Aery Aviation, LLC ("Aery"). Rather, Talentscale opted to try to garnish funds as part of a Writ of Execution issued in this Court. Talentscale's garnishment is improper both under federal law and Virginia garnishment law. Moreover, the Garnishment Summons is invalid on its face because Suggestion for Summons in Garnishment, the filing that initiates the garnishment, was not signed

by an attorney admitted in this Court. Garnishment statutes require strict compliance. Because Talentscale failed to comply with the law, the Writ of Execution as to Cogent Bank and the Garnishment Summons served on it must be quashed.

**BACKGROUND**

On March 8, 2024, Talentscale filed a Petition and Motion to Confirm Arbitration Award in this Court. [ECF No. 1]. On April 15, 2024, Talentscale filed a Motion for Entry of Default Judgment. [ECF No. 12]. On October 9, 2024, the Court granted Talentscale's Petition, entered judgment against Aery in the amount of $1,142,476.20, and denied as moot Talentscale's Motion for Default Judgment. [ECF No. 16]. On November 27, 2024, Talentscale filed a letter with the Court requesting that it issue a writ of execution and garnishment summonses against Bank of America, N.A., Cogent Bank, Hanmi Bank, and Southwind Capital, LLC. [ECF No. 18].

On December 10, 2024, the Court issued a Writ of Execution and Garnishment Summonses, setting the return date for the Garnishment Summons issued against each garnishee for January 9, 2025. [ECF Nos. 19-23]. However, the Suggestions for Summons in Garnishment, filed by Talentscale were not signed by counsel who is admitted to practice in this Court but rather by counsel for Talentscale who was admitted pro hac *vice*:

| | |
|---|---|
| November 26, 2024 | Chase Law & Associates, P.A., by /s/ Kenneth E. Chase |
| DATE SUBMITTED | ☒ JUDGMENT CREDITOR ☐ AGENT ☒ ATTORNEY |

[ECF No. 21, at 3; *see also* ECF Nos. 5-6].

On December 11, 2024, Avery filed a Motion to Quash Garnishment Summons, asking the Court to quash the garnishment summons issued against Cogent Bank. [ECF No. 24]. Cogent Bank was served with the Garnishment Summons on December 11, 2024, in Orlando, Florida. Cogent Bank is a state-chartered bank headquartered in Florida. *See* Ex. A, Profile from Federal

Deposit Insurance Corporation. Cogent Bank has no locations in Virginia. *See id.*; *see also* Cogent Bank, Frequently Asked Questions, *available at* https://cogentbank.com/frequently-asked-questions (listing banking centers of Cogent Bank, which are all located in Florida).

## LEGAL STANDARD

Fed. R. Civ. P. 69 states that a "money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). Rule 69 also provides that the "procedure on execution" "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Thus, Virginia's judgment collection procedures apply. Here, Talentscale is attempting to execute on the judgment pursuant to a garnishment. "'Garnishment, like other lien enforcement remedies authorizing seizure of property, is a creature of statute unknown to the common law, and hence the provisions of the statute must be strictly satisfied.'" *Sherman v. S. Grading Inc.*, 98 Va. Cir. 361, 362 (Chesapeake 2018) (citation omitted).

## ARGUMENT

### I. THE GARNISHMENT SUMMONS SHOULD BE QUASHED BECAUSE THE WRIT CANNOT BE ENFORCED OUTSIDE OF THE COMMONWEALTH.

The Garnishment Summons should be quashed because Talentscale is improperly attempting to execute and enforce its judgment outside of the Commonwealth. The Writ of Execution commands the U.S. Marshal of the Eastern District of Virginia to levy the "goods and chattels, lands and tenements *in your district.*" [ECF No. 19] (emphasis added); *see also* U.S. Marshals Service, Writ of Execution, *available at* https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/writ-of-execution ("The writ is normally limited to execution within the state in which the district court is held unless extended by federal statute, rule, or court

order.").[1] Cogent Bank is not located in the Eastern District of Virginia or anywhere in the Commonwealth. Moreover, Cogent Bank was served in Florida.

Not only is the attempt to execute against Cogent Bank inconsistent with the Writ of Execution, but it is not supported by Fed. R. Civ. P. 69 and Virginia law. The Court cannot enforce garnishments against any accounts Aery may have with Cogent Bank in Florida. Under Virginia law, the lien of a fieri facias does not extend to property located outside of Virginia. *See* Va. Code Ann. § 8.01-481 ("The lien given by this chapter on personal property by levy shall, as to property capable of being levied on, be restricted to the bailiwick of the officer into whose hands the execution is placed to be executed, but as to property not capable of being levied on the lien shall extend throughout the limits of the Commonwealth."); *see also Land'or Int'l, Inc. v. Girton*, 109 Va. Cir. 469, 471 (Henrico 2019) (finding that it cannot enforce the garnishment summons served on a Kentucky credit union with no branches or offices outside of Kentucky). These principles are not unique to Virginia. It is the "general rule that, '[u]nless authorized by statute, execution may not ordinarily go beyond the territorial jurisdiction of the particular court which rendered the judgment.'" *Cutting Edge Techs., Inc. v. Nosyuiaido*, No. WDQ-01-2855, 2012 U.S. Dist. LEXIS 53691, at *8 (D. Md. Apr. 17, 2012) (citing CJS Executions § 78). Because Talentscale is attempting to garnish funds located outside of the territorial limits established by the Writ of

[1] The Garnishment Summons asks for the disclosure of the "last four digits of the bank account number, if applicable," but no account was identified on the document. [ECF No. 21]. The omission is important because Va. Code Ann. § 8.01-511(C) provides that "no summons shall be issued" unless the summons "specifies that it is a garnishment against (a) the judgment debtor's wages, salary, or other compensation or (b) some other debt due or property of the judgment debtor." The statute provides that the "garnishee shall not be liable to the judgment creditor for any property not specified in the summons." Therefore, the Garnishment Summons is void for this reason as well.

Execution and Virginia law, the Garnishment Summons and the Writ of Execution as to Cogent Bank should be quashed.

## II. THE GARNISHMENT SUMMONS SHOULD BE QUASHED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER COGENT BANK.

Cogent Bank joins in the objection to personal jurisdiction asserted by Aery on due process grounds. Cogent Bank is a state-chartered bank headquartered in Florida with locations only in Florida. *See* Exhibit A. Cogent Bank does not have branches or offices in Virginia. Cogent Bank is not registered to do business in Virginia. *See Holland v. Cline*, No. 2:05-cv-00535, 2007 U.S. Dist. LEXIS 115849, at *8-9 (S.D. W. Va. Feb. 26, 2007) (finding that the court had personal jurisdiction over the Delaware incorporated and New Jersey based garnishee where it had registered to do business with the West Virginia Secretary of State and thus 'purposefully availed' itself of the privilege of conducting business in West Virginia."). Unlike the other garnishees before the Court, who apparently all have registered agents in the Commonwealth (at a minimum), there is no basis to pursue Cogent Bank on a garnishment issued out of *this* Court.[2] *See also Mem'l Hosp. of Martinsville v. D'Oro*, No. 4:10MC00001, 2011 U.S. Dist. LEXIS 73278, at *14 (W.D.

[2]Also, while Talentscale did not have the Writ of Execution served, execution is conducted by the U.S. Marshal unless otherwise ordered by the Court. *See* U.S. Marshals Service, Writ of Execution, *available at* https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/writ-of-execution ("The writ is served by the U.S. Marshal or other person, presumably a law enforcement officer, specially appointed by the court pursuant to Federal Rule of Civil Procedure 4.1(a)."); *see also* Garnishment Summons ("TO THE MARSHAL OF THE EASTERN DISTRICT OF VIRGINIA OR AN AUTHORIZED OFFICER: You are hereby commanded to serve this summons on the judgment debtor and the garnishee."). No order was entered permitting a private process server to step into the shoes of the U.S. Marshals Service. The Court cannot take personal jurisdiction over a garnishee if the execution papers were not properly served. *Cf. United States ex rel. Bunk v. Gosselin Worldwide Moving N.V.*, Civil Action No. 1:02-cv-1168 (AJT/MSN), 2017 U.S. Dist. LEXIS 211269, at *17 (E.D. Va. Aug. 22, 2017) ("As process, service of the writ constitutes the mechanism through which the Court obtains personal jurisdiction over the garnishee in order to impose the 'significant burdens of complying with the garnishment.'") (citation omitted).

Va. July 8, 2011) ("[T]his Court cannot effectively issue writs to the Marshal's Service outside of Virginia. The proper procedure for the parties in this case to follow is set forth at 28 U.S.C. §1963, which is roughly the federal equivalent of the Uniform Enforcement of Foreign Judgments Act."). Due process does not support permitting Talentscale to skip a step of domesticating a judgment in Florida before pursuing in that state a garnishment or other collection against Cogent Bank. Therefore, the Garnishment Summons should be quashed.

## III. THE GARNISHMENT SUMMONS SHOULD BE QUASHED BECAUSE IT IS INVALID ON ITS FACE.

The garnishment proceedings against Cogent Bank should be dismissed because the Suggestion for Summons in Garnishment filed by Talentscale was not signed by counsel who is admitted to practice in this Court but rather by counsel for Talentscale who was admitted pro hac *vice*. Local Civil Rule 83.1(F) provides that "no pleading or other filing required to be signed by an attorney shall be filed unless also signed by an attorney who is admitted or authorized to practice in this Court under subsections (C) or (D)(1) . . ." *See also Globus Med., Inc. v. Jamison*, No. 2:22-cv-282, 2024 U.S. Dist. LEXIS 142984, at *5-6 (E.D. Va. May 24, 2024) (noting the Local Rule's requirement that "[l]ocal counsel are required to sign all pleadings and motions") (Walker, J.). Similarly, Local Rule 83.1(G) provides that "[p]leadings or other filings submitted by attorneys admitted pro hac vice or authorized to practice under subsections (D)(2) or (E), must also be signed by an attorney admitted or authorized to practice before the Court under subsections (C) or (D)(1)." Because the Suggestion for Summons in Garnishment was not properly executed, no Garnishment Summons should have issued. Therefore, the Garnishment Summons should be quashed.[3]

[3] Cogent Bank submits that if the Court finds that the Garnishment Summons should not have issued, an oral hearing or response from Talentscale is unnecessary. *See* Local Civ. R. 7(J).

## **CONCLUSION**

For the foregoing reasons, Garnishee, Cogent Bank, respectfully requests that the Court grant its Motion to Quash Garnishment Summons, quash the Writ of Execution as to Cogent Bank, quash the Garnishment Summons issued to Cogent Bank, award Cogent Bank its costs and fees, and grant all other just and equitable relief.

Respectfully submitted,

/s/ S. Mohsin Reza

S. Mohsin Reza (Va. Bar No. 75347)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
mohsin.reza@gtlaw.com

*Counsel for Cogent Bank*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of December, 2024, I caused the foregoing to be filed with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all counsel of record that are registered users.

/s/ S. Mohsin Reza
S. Mohsin Reza (Va. Bar No. 75347)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
mohsin.reza@gtlaw.com

*Counsel for Cogent Bank*