**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

| | | |
|---|---|---|
| **TALENTSCALE, INC.**, | ) | |
| *Petitioner/Judgment Creditor*, | ) | |
| **v.** | ) | Case No. 4:24-cv-33-JKW-DEM |
| **AERY AVIATION, LLC**, | ) | |
| *Respondent/Judgment Debtor*, | ) | |
| and | ) | |
| **COGENT BANK**, | ) | |
| *Garnishee*. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF COGENT BANK'S**
**MOTION TO QUASH GARNISHMENT SUMMONS**

Garnishee, Cogent Bank, by counsel, states as follows as its Reply Memorandum in Support of its Motion to Quash Garnishment Summons.

## INTRODUCTION

Petitioner/Judgment Creditor Talentscale, Inc.'s Omnibus Opposition ("Opposition") is not only untimely,[1] but it is also not supported by law or facts. Talentscale, Inc. ("Talentscale") ignores arguments made by Cogent Bank, fails to address the authority cited by Cogent Bank when responding to the movants' arguments, and advances arguments that find no support in the law.

[1] The Motions to Quash were filed by Aery and Cogent Bank on December 11, 2024, and December 13, 2024, respectively. [ECF Nos. 24-27]. Under Local Civ. R. 7(F) and Fed. R. Civ. P. 6, Talentscale's Opposition should have been filed by December 27, 2024. Talentscale filed its Opposition *twelve* days late and without, as the Clerk of the Court noted, a motion asking the Court to accept the late filing. On January 9, Talentscale filed a motion for leave. While undersigned counsel appreciates the reasons given in the motion, Cogent Bank submits that Talentscale has not established excusable neglect given the circumstances.

On top of these problems, Talentscale all but admits that its execution of the Garnishment Summons was procedurally flawed. The Motions to Quash filed by Cogent Bank and Aery Aviation, LLC ("Aery") should be granted, the Writ of Execution as to Cogent Bank should be quashed, the Garnishment Summons issued to Cogent Bank should be quashed, and Cogent Bank should be awarded its costs and fees.

## ARGUMENT

### I. TALENTSCALE FAILS TO RESPOND TO COGENT BANK'S DISPOSITIVE ARGUMENTS.

The first argument advanced by Cogent Bank was that the Garnishment Summons should be quashed because Talentscale is improperly attempting to execute and enforce its judgment outside of the Commonwealth and in contravention of Virginia garnishment law. Talentscale ignored this argument (and others)[2] and instead skipped to the issue of personal jurisdiction. This argument alone is dispositive, and Cogent Bank respectfully submits that Talentscale should be deemed to have conceded it. *E.g.*, *Carefirst of Md., Inc. v. Johnson & Johnson*, No. 2:23-cv-629, 2024 U.S. Dist. LEXIS 149386, at *13 n.6 (E.D. Va. Aug. 16, 2024) (Walker, J.) (citing *Amazon.com, Inc. v. WDC Holdings LLC*, No. 1:20-cv-484, 2023 U.S. Dist. LEXIS 61285, 2023 WL 2815140, at *11 n.6 (E.D. Va. Apr. 6, 2023) (finding an argument conceded because the party's opposition did not respond to the argument)); *Williams v. Newport News Sch. Bd.*, No. 4:20-cv-41, 2021 U.S. Dist. LEXIS 157323, at *57 (E.D. Va. Aug. 19, 2021) ("Plaintiff did not address these contentions in her opposition and therefore has conceded Defendant's argument."). As explained in the opening memorandum, because Talentscale is attempting to garnish funds

[2] For example, Talentscale ignored the argument about the Garnishment Summons being void because it failed to identify the property sought to be garnished. Talentscale also ignored the argument that the service of the Garnishment Summons was improper.

outside of the territorial limits established by the Writ of Execution and Virginia law, the Garnishment Summons and the Writ of Execution as to Cogent Bank should be quashed.

## II. THE GARNISHMENT SUMMONS IS INVALID ON ITS FACE.

Despite having evidence of the violation of Local Civil Rule 83.1(F) reproduced directly in Cogent Bank's opening Memorandum, Talentscale continues to believe that it properly executed the Garnishment Summons. Talentscale is confusing a *letter* submitted to the Court on November 26, 2024, by local counsel with the actual *filings* that were submitted with the letter and issued by the Clerk of Court for service. Despite claiming that it was in "full compliance with Local Rule 83.1," Talentscale offers no language in the rule or case law that establishes that this obvious mistake renders the Garnishment Summons otherwise valid. Opp. at 3. In fact, Talentscale basically admits that the filing is fundamentally flawed, noting that it will "reissue the documents with signatures from *both local counsel and pro hac vice counsel*." *Id.* (emphasis added). Talentscale's failure to abide by a core rule of this Court should not be excused.[3]

## III. TALENTSCALE'S RESPONSE TO THE PERSONAL JURISDICTION ARGUMENT LACKS MERIT.

Talentscale's rebuttal to the personal jurisdiction argument ignores Cogent Bank's briefing and misses the mark on the law. First, the Court does not need to scrutinize the issue of personal jurisdiction where the Garnishment Summons can be dismissed for the reasons argued above. Regardless, Talentscale has offered no basis to reject the argument or subject the issue to further development. Talentscale omits that a *plaintiff* typically "'bears the burden of proving to the

---

[3] On January 9, Talentscale filed a letter with the Court requesting the issuance of new summonses. [ECF No. 34]. The proposed garnishment summonses were executed by local counsel. However, the garnishment summonses are deficient for all other reasons. Moreover, it is improper to have a new garnishment summons served on the garnishees without the pending ones dismissed or otherwise disposed of by the Court.

district court . . . the existence of [personal] jurisdiction over the defendant by a preponderance of the evidence.'" *EA Designs & Co. v. Coastal Accents, LLC*, Civil Action No. 2:19-cv-677, 2020 U.S. Dist. LEXIS 72107, at *8 (E.D. Va. Mar. 18, 2020) (citations omitted) (Miller, J.). Of course, Talentscale did not offer any evidence to even make a prima facie case for the existence of personal jurisdiction. Instead, it simply says that movants cannot rely on Cogent Bank's own website to establish its presence. However, Cogent Bank did not just point back to its own website. *See United States ex rel. Miller v. Reckitt Benckiser Grp. PLC*, 698 F. Supp. 3d 889, 906 n.11 (W.D. Va. 2023) ("The court takes judicial notice of the company's website pursuant to Federal Rule of Evidence 201."). Rather, Cogent Bank attached information from the FDIC's website that establishes the locations and presence of Cogent Bank in Florida, not Virginia. *See* Cogent Bank's Memo., Ex. A. The Court can take judicial notice of these facts. *See, e.g.*, *Fredricks v. Council of the Inspectors Gen. of Integrity & Efficiency*, Civil Action No. 1:23-cv-442 (RDA/LRV), 2023 U.S. Dist. LEXIS 197432, at *3 n.1 (E.D. Va. Nov. 2, 2023) ("The Court may properly take judicial notice of documents found on government websites."); *Judson v. Bd. of Supervisors*, No. 4:18cv121, 2019 U.S. Dist. LEXIS 104381, at *13 n.5 (E.D. Va. June 20, 2019) ("The Court may look to websites for information in deciding whether to take judicial notice of a fact.").[4] Talentscale has provided no basis to find there is personal jurisdiction over Cogent Bank or that there is a need to take discovery on the issue. Accordingly, the Motions to Quash should be granted.

---

[4] Cogent Bank also noted that it is not registered to do business in the Commonwealth, a fact that can be confirmed through the State Corporation Commission's website. *See Hanks v. Wavy Broad., LLC*, No. 2:11cv439, 2012 U.S. Dist. LEXIS 15729, 2012 WL 405065, at *4 (E.D. Va. Feb. 8, 2012) ("Information that is readily accessible through the State Corporation Commission's website is a matter of public record, of which the Court may take judicial notice." (collecting cases))

## IV. COGENT BANK IS NOT IN DEFAULT.

Talentscale has no basis in law or fact to claim that Cogent Bank is in default. The argument, made by a party who filed the Opposition *twelve days* late and without leave of Court, is a red herring and should be rejected. First, Cogent Bank cannot be in default in responding to a Garnishment Summons that was neither executed nor served properly. Second, Talentscale argues that Cogent Bank is in default without explaining when Cogent Bank actually had to file an answer. The language on the face of the Garnishment Summons plainly rejects this argument:

> TO THE GARNISHEE: You are hereby commanded to (1) file a written answer with this court, or (2) deliver payment to this court (checks to be made payable to judgment creditor) and mailed to the Clerk, U.S. District Court, 2400 West Avenue, Newport News, Virginia 23607 or (3) appear before the U.S. District Court, 2400 West Avenue, Newport News, Virginia 23607 on the hearing date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of the writ of execution, there is a liability as shown in the statement upon the garnishee.

(ECF No. 21). To recap, hearing date for the Garnishment Summonses was set for January 9, 2025. (ECF No. 21). Cogent Bank was improperly served with the flawed Garnishment Summons on December 11, 2024. Cogent Bank responded to the Garnishment Summons with its Motion to Quash just two days later on December 13, 2024. (ECF No. 26). Cogent Bank was prepared to address the Garnishment Summons – as it is permitted to do – at the January 9, 2025 hearing. Because the January 9, 2025 hearing date did not go forward but was also not officially continued, Cogent Bank, without waiving its Motion to Quash, filed its Answer to the Garnishment Summons before the scheduled hearing time.[5] The suggestion that Cogent Bank is default is baseless, and

---

[5] The Court had indicated to the parties that the January 9, 2025 hearing date would need to be continued because of the National Day of Mourning. However, at the time of filing the Answer, the hearing date had not been formally continued. Given the fundamental problems with Talentscale's Garnishment Summons, Cogent Bank respectfully submits that its Motion to Quash can be granted without the need to be scheduled for a hearing.

the suggestion that Talentscale has grounds to move for a default judgment is not only meritless but also reflects a fundamental misapplication of Virginia garnishment law.

## CONCLUSION

For the foregoing reasons and those stated in Cogent Bank's opening brief, Garnishee, Cogent Bank, respectfully requests that the Court grant its Motion to Quash Garnishment Summons, quash the Writ of Execution as to Cogent Bank, quash the Garnishment Summons issued to Cogent Bank, award Cogent Bank its costs and fees, and grant all other just and equitable relief.

Respectfully submitted,

/s/ S. Mohsin Reza
S. Mohsin Reza (Va. Bar No. 75347)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
mohsin.reza@gtlaw.com

*Counsel for Cogent Bank*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of January, 2025, I caused the foregoing to be filed with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all counsel of record that are registered users.

/s/ S. Mohsin Reza
S. Mohsin Reza (Va. Bar No. 75347)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
mohsin.reza@gtlaw.com

*Counsel for Cogent Bank*